IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

MARSHALL DIVISION


| | | |
|---|---|---|
| CHARLES E. HILL & ASSOC., INC. | § | |
| Vs. | § | CIVIL ACTION NO. 2:02-CV-186 |
| AMAZON.COM, ET AL. | § | |


**MEMORANDUM OPINION AND ORDER**

AOL's motion for summary judgment regarding the application of *res judicata* and collateral estoppel (#263) is granted in part and denied in part for the reasons expressed in this opinion.

**1.      Introduction.**

America Online ("AOL") operates Internet web-based shopping sites.  It seeks to preclude the plaintiff, Charles E. Hill & Assoc., Inc. ("Hill"), from re-litigating whether AOL's websites infringe various claims of three patents.  The court holds that Hill is collaterally estopped from re-litigating whether the technology underlying the sites at issue meets certain limitations of two of the patents-in-suit.  AOL has satisfied its burden to demonstrate that its technology accused of infringement is the same as the technology litigated in a prior case.  Based on the court's claim construction, however, collateral estoppel does not preclude Hill's remaining claims for infringement of one of the patents-in-suit.  The court therefore grants in part and denies in part AOL's motion for summary judgment.

**2.      Factual Background and Procedural Posture.**

In this suit, Hill accuses AOL and others of infringing three United States patents.  The

patents, U.S. Patent Nos. 5,528,490 ("the '490 patent"), 5,761,649 ("the '649 patent"), and 6,029,142 ("the '142 patent"), all relate to "an improved electronic catalog system capable of providing a customer at a remote location with accurate updated product information from a vendor each time the customer uses the electronic catalog system." '490 patent, col. 1, ll. 7-11.

The following facts are undisputed.  In March 1997, the plaintiff sued defendant CompuServe in the Southern District of Indiana, alleging infringement of the '490 patent.  During the pendency of the Indiana case, AOL acquired CompuServe's online services business.  As part of the acquisition, AOL formed a wholly-owned subsidiary, CompuServe Interactive Services ("CIS"), in February 1998.  Shortly thereafter, Hill successfully moved the Indiana court to add CIS as a defendant.  In April 1999, the Indiana court issued its claim construction ruling in which it construed seven key claim terms, including the terms "variable data" and "constant data."  Based on the Indiana court's claim construction, CompuServe and CIS (collectively "CompuServe") filed motions for summary judgment based on the non-infringement of the '490 patent and the invalidity of the '490 patent.  The court granted CompuServe's motion for summary judgment based on the non-infringement of the '490 patent.

The parties cross-appealed the court's summary judgment.  In its April 2002 opinion, the Federal Circuit agreed with the district court's construction of the terms "variable data" and "constant data" as requiring data to be classified "based on the relative likelihood that the data would be changed."  The Federal Circuit concluded that the accused technology did not meet the "constant" and "variable" data limitations and affirmed the Indiana court's summary judgment of non-infringement as to the method claims in the '490 patent.  The Federal Circuit disagreed with the Indiana court's construction of the "storing" limitation of the patent and remanded the case to allow

2

the district court to make additional *Markman* rulings on the system claims.  The Federal Circuit overruled a motion for rehearing on May 6, 2002 and remanded the case to the Indiana court.

On remand, the Indiana court instructed the parties to file supplemental briefing with respect to the Federal Circuit's opinion.  Hill requested and received two extensions of time to comply with the Indiana court's instructions.  On August 16, 2002, after receiving the first extension of time, and without advising the Indiana court, Hill filed the present case in this court.  At the end of the second extension of time, Hill failed to file its claim construction remarks and moved instead to dismiss the Indiana litigation so it could proceed in this court.  The Indiana court denied that request, and this court granted a motion to transfer its case to the Indiana court's docket.

Eventually, Hill complied with the Indiana court's instructions, and, in August 2003, Chief Judge McKinney issued a supplemental claim construction ruling.  CompuServe renewed its motion for summary judgment with respect to both the system and method claims, asserting that the accused systems did not contain "constant" and "variable" data.  The court granted the motion, finding that "Hill has proffered no evidence that the CompuServe system classifies data as 'constant data,' or based on its likelihood of changing."  CompuServe subsequently filed additional motions for summary judgment on the basis of lack of direct or indirect infringement and the invalidity of the '490 patent.

Before the Indiana court ruled on CompuServe's other summary judgment motions, Hill filed a motion to dismiss its infringement claims with prejudice, pointing to a covenant not to assert executed in favor of CompuServe.  Hill contended that the dismissal of its affirmative claims for infringement deprived the court of subject matter jurisdiction over CompuServe's counterclaims for declaratory relief of invalidity and non-infringement.  The Indiana court agreed, and dismissed the

counterclaims without prejudice for lack of subject matter jurisdiction.  The court rendered a final

judgment disposing of that case.  The first-filed case concluded, the Indiana court then transferred

the present case back to this court.

**3.     Discussion.**

The court employs familiar standards to resolve a motion for summary judgment.  Summary

judgment is proper if the movant demonstrates that no genuine issues of material fact exist and that

he is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56.  Under well-settled law, AOL, as

the movant, bears the initial burden to demonstrate the absence of any genuine issue of material fact.

*Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).  Because collateral estoppel and *res judicata* present

affirmative defenses, AOL bears an affirmative evidentiary burden to show the absence of a genuine

issue of material fact on the elements of either collateral estoppel or *res judicata*.  If AOL discharges

that burden, Hill must point to admissible evidence that demonstrates the existence of a genuine

issue for trial.

AOL's motion for summary judgment rests on two grounds–collateral estoppel and *res

judicata*.  The doctrine of collateral estoppel applies to prevent issues of ultimate fact from being re-

litigated between the same parties in a future lawsuit if those issues have once been determined by

a valid and final judgment. *Vines v. University of Louisiana at Monroe*, 398 F.3d 700, 704 (5th Cir.

2005)(*citing Ashe v. Swenson*, 397 U.S. 436, 443 (1970); Restatement (Second) of Judgments § 27

(1982) ("When an issue of fact or law is actually litigated and determined by a valid and final

judgment, and the determination is essential to the judgment, the determination is conclusive in a

subsequent action between parties, whether on the same or a different claim.")).  Collateral estoppel

encompasses three elements: "(1) the issue at stake must be identical to the one involved in the prior

action; (2) the issue must have been actually litigated in the prior action; and (3) the determination

of the issue in the prior action must have been a necessary part of the judgment in that earlier action."

*Next Level Communications LP v. DSC Communications Corp.*, 179 F.3d 244, 250 (5th Cir. 1999).

Under this record, all elements are present.

The first question is whether the issue at stake in this case is the same as the one involved

in the prior action.  The question litigated in the Indiana case was whether the defendants' web

shopping technology classified data as constant or variable data.  Under the asserted claims of the

'490 patent, as construed by the Indiana court and affirmed by the Federal Circuit, Hill needed to

prove that the accused devices and systems distinguish between constant and variable data on that

basis.  The question litigated in the Indiana case was whether the accused technology satisfied the

constant/variable data limitations of the '490 patent.  Hill failed to prove, as a factual matter, that the

technology accused in the Indiana case met these limitations.  As a result, the issue thus established

is the *nonexistence* of the fact that the products at issue in the Indiana case satisfied the

constant/variable data limitations of the '490 patent.  *See Yates v. United States*, 354 U.S. 298, 335-

336 (1957)("We agree that nonexistence of a fact may be established by a judgment no less than its

existence; that, in other words, a party may be precluded under the doctrine of collateral estoppel

from attempting a second time to prove a fact that he sought unsuccessfully to prove in a prior

action.").

Hill's failure to prove its case in Indiana is only relevant if the technology underlying the

accused AOL sites is the same.  The burden is on AOL, as the movant, to demonstrate that the

technology accused of infringement in this case is the same as that accused of infringement in the

Indiana case.  Hill's infringement contentions are dispositive.  To illustrate why the accusations

5

leveled in this case are similar to those leveled in the Indiana case, an examination of the contentions in both cases is proper.  In the final infringement contentions made in the Indiana case, Hill contended that CompuServe's "inline image files include constant data, i.e., graphics information, related to the at least one product, *and have a main revision status, i.e., a file modification date, that indicates the revision level of the constant data*."  (emphasis added).  In the present case, Hill's preliminary infringement contentions state "[t]he constant data has a main revision status *(e.g., modification date(s) and/or a revision level(s) for the file(s) containing constant data)*" (emphasis added).   In both cases, Hill presented its infringement case at a high level, contending that the accused technology is alleged to infringe *because* constant data has a modification date and/or a revision level for a file containing constant data.  It is true, as Hill contends, that AOL has not proven that the source code underlying the websites is exactly the same in this case as the source code involved in the Indiana case.  However, at the very least, AOL has discharged its summary judgment burden to demonstrate, under the plaintiff's own infringement contentions, that the products accused of infringement in this case are accused of infringement for the same reasons that existed in the Indiana case.

Hill all but concedes that the present state of the record will not permit the court to draw any conclusion other than the accused technology is the same in this case as it was in Indiana.  In its papers, Hill urges ". . . the only thing AOL points toward is printouts of the modification dates. . . As stated below, Hill *intends to offer* as evidence more than just the modification dates."  Hill's Response, at 15 (emphasis added).  Hill also argues that its own infringement contentions are insufficient to prove identity of products. Hill criticizes AOL for concluding that Hill's preliminary contentions in this case "are the extent of Hill's evidence *to be presented at trial*."  *Id.*  (emphasis

added).  Hill also urges the court to deny the summary judgment motion because AOL simply "recreated the type of evidence Hill used in the Indiana action by looking at the output of last modified dates from a CIS website and an AOL website to conclude Hill must lose." *Id.*  According to Hill, it does not assert that modification dates *alone* establish the presence of "constant data" and "variable data."  Hill contends explicitly that "[i]t is the source code and other technical documents that are the crucial evidence for this issue." *Id.* at 16.  All of this amounts to a tacit admission that that the evidence that *is* in the record shows that the accused technology is the same for purposes of collateral estoppel analysis.  *See* Hill's Surreply Brief, at 1 ("Even if Hill is required to show differences between products, it cannot at this time because it does not have the relevant evidence of source code, technical documents, and other evidence to demonstrate the differences of the accused websites from both suits.").  Under this record, AOL has demonstrated that the products at issue in this case are accused of infringement for the very same reasons as those that were at issue in Indiana.

Recognizing this deficiency, Hill moves the court for a Rule 56(f) continuance until such time as Hill's expert has completed his review of AOL's source code.  AOL objects to the motion and conjures up images of a detention worthy of Calypso.[1]  AOL's position is well-taken.  The supplemental record (#355) tendered after the hearing leads to a single conclusion: Hill failed to take timely advantage of AOL's offer to produce its source code.  The correspondence reflects that AOL offered its source code to Hill in January 2005, and that Hill's counsel stated on January 27, 2005, that "[w]e understand that AOL will make available source code related to the accused websites. We will contact you to arrange a mutually acceptable time to review that code."  On February 8,

---

[1]      *See* Homer, The Odyssey, Book I.

2005, AOL informed Hill that:

> As previously communicated to you, we have agreed to make available for inspection source code relating to the accused websites that is within AOL's possession, custody, or control and that may be relevant to the issues in this litigation.  Based on conversations you have had with other defendants, we understand that Hill is seeking source cod related to the server-Internet interface.  We agree to make available source code of that nature related to the accused websites that AOL has in its possession, custody, and control.

From February 8, 2005 through May 6, 2005, Hill made no attempt to review AOL's source code.  Although the more recent correspondence between Hill and AOL reflects some disputes concerning the completeness of AOL's source code production, Hill could not inform the court at the hearing on this motion when its expert would complete his review of the source code to enable the court to assess what, if anything, about that review is material to the issues raised in AOL's motion for summary judgment.  Under the case law governing Rule 56(f) requests, Hill must prove that it diligently sought the discovery at issue.  *Wichita Falls Office Assoc. v. Banc One Corp.*, 978 F.2d 915, 919 (5th Cir. 1999).  Hill has not done so.  Hill's request for a Rule 56(f) continuance is denied.  The first element of collateral estoppel is satisfied.

The remaining elements of collateral estoppel are present in this case.  There is no dispute that this issue was actually litigated in Indiana.  The Indiana court rendered summary judgment on the ground that Hill could not establish that the websites at issue in that case met the constant/variable data limitations.  Hill was provided a full and fair opportunity to offer evidence in support of its case, and the district court in Indiana concluded that the evidence could not support a finding that the accused technology met the constant and variable data limitations of the patent.  Likewise, Hill does not dispute that the issue litigated was necessary to the summary judgment rendered in the Indiana case.  The basis for the court's decisions was that the CompuServe systems

and methods did not meet the constant/variable data limitations of the '490 patent.   Finally, any

suggestion that the Indiana final judgment should not be entitled to preclusive weight is rejected.

The court finds that Hill's claims for infringement were finally disposed of with prejudice, and the

Indiana court's judgment should be read for the proposition that the court could not exercise subject

matter jurisdiction over the declaratory judgment counterclaims of non-infringement and invalidity.

The court is satisfied that AOL is entitled to judgment as a matter of law that Hill's claims under the

'490 patent are barred by the doctrine of collateral estoppel.   The motion for summary judgment is

therefore granted in part.[2]

AOL also moved for summary judgment of non-infringement under the '490 patent on the

grounds of *res judicata*.   The court's disposition of the collateral estoppel argument renders it

unnecessary to reach this issue.   In addition, AOL moved for summary judgment on the grounds that

collateral estoppel barred Hill's claims under a third patent, the '649 patent.   Several of the claims

of the '649 patent do not contain the constant/variable data limitations of the '490 patent and the

'142 patent.   Moreover, the court has rejected a claim construction that would essentially render all

of the claims of the '649 patent subject to the same constant/variable data limitations of the '490

patent.   *See* '649 patent, claim 1.   The court will therefore deny the motion for summary judgment

as to the '649 patent claims.

AOL's motion for summary judgment on the grounds of *res judicata* and collateral estoppel

(#263) is therefore granted in part and denied in part.

---

[2]        The court will construe the constant/variable data limitations of the '142 patent
consistent with the constructions of those terms in the '490 patent.   Thus, the court's ruling that
Hill is collaterally estopped from relitigating the constant/variable data limitations appearing in
the '490 patent apply equally to the claims of the '142 patent asserted against AOL.

SIGNED this  7th  day of October, 2005.

T. JOHN WARD
UNITED STATES DISTRICT JUDGE