IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| CHARLES E. HILL & ASSOCIATES, INC., | CASE NO. 2-02CV-186 |
| Hill/Counter-defendant, | **Jury Trial Requested** |
| v. | |
| AMAZON.COM., INC., et al., | |
| Defendants/Counter-plaintiffs. | |

**DEFENDANTS MOTION FOR SUMMARY ADJUDICATION
TO LIMIT DAMAGES UNDER 35 U.S.C. § 287**

I.  INTRODUCTION

The amount of damages a patentee can recover in an infringement action is limited by 35 U.S.C. § 287 to those damages occurring after the patentee provided the alleged infringer with notice of infringement. Plaintiff Charles E. Hill & Associates, Inc. ("Hill") is statutorily precluded from recovering damages for patent infringement from the Moving DLA Piper Defendants[1] prior to August 16, 2002, the filing date of this lawsuit, because Plaintiff failed to consistently mark substantially all of the patented articles as required by 35 U.S.C. §287(a). In addition, Plaintiff did not provide "actual notice" of infringement to the Moving Defendants prior to the filing of this action. Summary adjudication should therefore be granted limiting damages to those accruing after the Moving Defendants received statutory notice of patent infringement – the date the lawsuit was filed – August 16, 2002.

---

[1] The "Moving Defendants" are: Amazon.com, Inc. eBay Inc., Intimate Brands, Inc., Lands' End, Inc., Limited Brands, Inc., and Victoria's Secret Direct, LLC. While Sears Roebuck and Co. is not a Moving Defendant in this motion, this is in no way an admission that Sears had proper notice at any time prior to the commencement of this litigation on August 16, 2002.

SD\1650773.1
354660-1

1

## II. STATEMENT OF FACTS

Plaintiff accuses each defendant in this named action of infringement of U.S. Patent Numbers 5,528,490 ("the '490 patent"), 5,761,649 ("the '649 patent"), and 6,029,142 ("the '142 patent). Over the last fifteen years, both before the '490 patent application was even filed and continuing through today, Plaintiff has assigned different names to various software applications that Plaintiff contends practice the Patents-in-suit. (Exh. A, Hill Depo. at 324-325; Exh. B, Hill Depo. Exh. 58 at HILL0116_2003-2012.) The first software application or "implementation" was titled E_CAT. (Exh. C, Hill 30(b)(6) Depo. at 11-16.) Sometime before the '490 patent issued in 1996, Plaintiff began calling his soon to be patented software ED_MIDS. (Exh. A, Hill Depo. at 463-464; Exh. B, Hill Depo. Exh. 28 at HILL011_1220.)

Plaintiff has already admitted that the E_CAT application "probably was never marked." (Exh. A, Hill Depo. at 449.) Plaintiff further testified that one, but not all, copies of the ED_MIDS software was marked with the patent numbers. (Exh. A, Hill Depo. at 449.) When pressed for more information as to how Plaintiff marked any ED_MIDS products with the patent numbers, Plaintiff could not remember the manner in which they were marked. (Exh. A, Hill Depo. at 449 – 451.) There are only a few documents produced by Plaintiff in this case that show any marking of the software after the '490 patent issued and, indeed, such marking has not been continuous to the present day.

Additionally, in response to interrogatories propounded by each of the Moving Defendants asking Plaintiff to identify and describe each instance of notice of the Patents-in-Suit, Plaintiff listed over 225 documents from which it claimed the answer to this interrogatory could be derived. (Exhs. D, E and F, Plaintiff's First Supplemental Responses to Interrogatory No. 7 Propounded by Moving Defendants.) A review of these documents shows that none of the Moving Defendants received adequate notice under § 287 prior to the date the lawsuit was filed.

SD\1650773.1
354660-1

2

Given that Plaintiff cannot prove marking by a preponderance of the evidence, the Moving Defendants' Motion Limiting Damages until after August 16, 2002 should be granted.

The only evidence of purported "actual notice" consists of an April 30, 1999, letter sent to Cynthia Fedus at Victoria's Secret Catalog, enclosing a copy of a press release discussing the summary judgment ruling in the *Hill v. CompuServe* case and enclosing a licensing fee schedule for his ED_MIDS application. (Exh. G, HILL071_0773.) A second letter was sent to Ms. Fedus at Victoria's Secret on or around June 4, 1999. (Exh. H, LVS-044122.) This letter expressed the opinion that "any company using electronic commerce to advertise and/or sell its products may require a license." Neither of these letters sent to Victoria's Secret referenced the Patents-in-Suit nor made a specific charge of infringement. Amazon, eBay and Lands' End never received a letter from Hill providing actual notice of the patents-in-suit.

## III. ARGUMENT

### A. Summary Judgment

Rule 56(c) of the Federal Rules of Civil Procedure provides that a court may grant summary judgment if "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). By its very terms, the summary judgment "standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Id.* at 247-48 (emphasis original). A dispute is genuine "only if a reasonable jury could return a verdict for a non-moving party." *Brasure v. Optimum Choice Ins. Co.*, 37 F. Supp. 2d 340, 343 (D. Del. 1999) (citing *Anderson*, 477 U.S. at 248).

The moving party on a motion of summary judgment or partial summary judgment "bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986), *cert. denied*, 484 U.S. 1066 (1988). If the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must assert competent summary judgment evidence of a genuine fact issue. *Soverain Software LLC v. Amazon.com, Inc.*, 383 F. Supp. 2d 904, 907 (E.D. Tex. 2005), citing *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986) (The nonmoving party must do "more than simply show that there is some metaphysical doubt as to the material facts."). Mere conclusory allegations, unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence. *Soverain Software*, 383 F. Supp. 2d at 907. Summary judgment must be granted if the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to the case and on which it will bear the burden of proof at trial. *Id.*, citing *Celotex*, 477 U.S. at 322-23.

Summary judgment to limit damages under § 287 is appropriate when no reasonable jury could find the patentee either has or has not provided actual notice to the particular defendants by informing them of his patent and their infringement of it. *Gart v. Logitech, Inc.*, 254 F.3d 1334, 1339 (Fed. Cir. 2001), *cert. denied*, 534 U.S. 1114 (2002); *Soverain Software*, 383 F. Supp. 2d at 907-908, 911. Summary judgment is also appropriate if a genuine issue of material fact on constructive notice does not exist. *Cybiotronics, Ltd. v. Golden Source Elec., Ltd*, 130 F. Supp.

2d 1152, 1163 (C.D. Cal. 2001) (granting summary judgment to alleged infringers on marking issue).

### B. Damages Can Only Be Recovered for Infringement Occurring After Notice is Provided.

The amount of damages a patentee can recover in an infringement suit is limited by 35 U.S.C. § 287. Pursuant to Section 287(a), damages are limited to those acts of infringement that occurred after the patentee provided the alleged infringer notice of infringement. 35 U.S.C. § 287(a). Notice may be either constructive or actual. 35 U.S.C. § 287(a). The patentee bears the burden of pleading and proving compliance with the requirements for both constructive and/or actual notice by a preponderance of the evidence. *Maxwell v. J. Baker, Inc.*, 86 F.3d 1098, 1111 (Fed. Cir. 1996).

#### 1. Constructive Notice Requires the Patentee to Mark its Patented Articles with the Numbers of the Asserted Patents

Constructive notice requires the Patentee to mark the patented articles with the word "patent" or the abbreviation "pat", together with the number of the patent. 35 U.S.C. §287(a). The purpose of the constructive notice provision is to give patentees the proper incentive to mark their products with the patent number and thus place the world on notice of the existence of the patent. *Am. Med. Sys., Inc. v. Med. Eng'g Corp.*, 6 F.3d 1523, 1538 (Fed. Cir. 1983), *cert. denied*, 511 U.S. 1070 (1994). "Once marking has begun, it must be *substantially consistent and continuous* in order for the party to avail itself of the constructive notice provisions of the statute." *Am. Med. Sys*, 6 F.3d at 1537 (emphasis added). The marking must specifically set forth the patent number – the phrase "Patent Pending," is not adequate. *MacPike v. Am. Honda Motor, Inc.*, 29 U.S.P.Q.2d 1526, 1530 (N.D. Fla. 1993).

Further, the marking must occur on the product when practical. *See, e.g., Cybiotronics, Ltd. v. Golden Source Elec., Ltd*, 130 F. Supp. 2d 1152, 1600 (C.D. Cal. 2001) (granting summary judgment to alleged infringers on marking issue). Alternatively, patentees can mark the product's packaging or literature included with the product. Marking promotional or marketing material not accompanying the patented items is an insufficient means of notice under § 287. *Calmar, Inc. v. Emson Research, Inc.*, 850 F. Supp. 861, 876 (C.D. Cal. 1994) (granting summary judgment on marking issue).

### 2. Plaintiff Failed to Provide Constructive Notice of the Patents-in-Suit.

Charles Hill's own testimony and the documents produced in this litigation reveal that Plaintiff did not adequately mark its patented products. According to Hill, the only product that utilized the asserted patents after the issuance of the '490 patent was ED_MIDS. (Exh. I, Plaintiff Charles E. Hill & Associates, Inc.'s Supplemental Answers to the Defendants' Common Interrogatory No. 3). And Hill admitted that it marked only one implementation of ED_MIDS, the Indelible Expressions or Virtual Catalog, with the '490 patent number. (Exh. I, Plaintiff Charles E. Hill & Associates, Inc.'s Supplemental Answers to the Defendants' Common Interrogatory No. 3). The over 200 documents identified by Plaintiff in an interrogatory response regarding notice clearly indicate that any purported marking was not consistent and continuous for three reasons. (Exhs. D, E and F, Plaintiff's Supplemental Responses to Interrogatory No. 7 Propounded by Moving Defendants.) First, tangible products embodying other versions of ED_MIDS, in existence after the 1996 issuance of the '490 patent, were not marked with any patent numbers.[2] Second, the few documents that did show patent numbers

---

[2] Hill licensed ED_MIDS to A.O. Smith Electrical Products Company and U.S. Electrical Motors, a division of Emerson Electric Company. The Plaintiff admitted that it did not mark these versions of ED_MIDS since the software was implemented before any patents issued. (Exh. __, Plaintiff Charles E. Hill & Associates, Inc.'s

were marketing and promotional material that never accompanied the actual software or packaging. Third, Hill identified numerous documents, dated before the issuance of the '490 patent, as providing notice but all merely stated "patent pending." For at least these reasons, the Moving Defendants' motion should be granted.

### i. Hill Failed to Mark Other Versions of ED_MIDS And Therefore, Did Not Give Constructive Notice.

Photo Storybook and Virtual Gallery are fully functional implementations of ED_MIDS. (Exh. J, HILL016 2550). In at least one instance, Hill sent Photo Storybook software to a potential customer. (Exh. K, HILL070 0043-44). But Hill never marked the Photo Storybook and Virtual Gallery implementations with the patent numbers. (Exhs. D, E and F, Plaintiff's Supplemental Responses to Interrogatory No. 7 Propounded by Moving Defendants.) Hill produced the packaging and photocopies of the disk labels for these ED_MIDS versions. (Exh. L, HILL073 1369-1370; Exh. M, HILL073 1372-1374). Yet none of these documents or disk labels were marked with the patents-in-suit. Thus, Hill has not continuously and substantially marked products using the patented technology.

### ii. Hill's Marking of Marketing and Promotional Material Does Not Constitute Constructive Notice Because They Were Not Attached to Patented Products.

The Moving Defendants propounded an interrogatory to Hill requesting the identification of any document that provided notice of the patents-in-suit. The few documents marked with a patent number concerned other implementations of ED_MIDS such as the Visual Order Entry

---

Supplemental Answers to the Defendants' Common Interrogatory No. 3). Likewise, Hill has not presented evidence showing that A.O. Smith and Emerson marked their websites with the numbers of any patent-in-suit.

system and an electronic catalog for airplane engines. (Exh. N, HILL016 1657-1662; Exh. O, HILL016 1657-1662) These documents were not attached to any physical copy or package of the software. This material must accompany patented articles in order to fulfill the requirements of § 287(a). *Calmar, Inc. v. Emson Research, Inc.*, 850 F. Supp. 861, 876 (C.D. Cal. 1994). In fact, none of the documents containing patent numbers accompanied any ED_MIDS disk or packaging. Thus, these documents are not sufficient to provide constructive notice.

### iii.   Hill's Marking of Documents With "Patent Pending" is Not Constructive Notice.

Hill identified documents stating "patent pending" instead of the patent numbers as providing notice. (Exhs. D, E and F, Plaintiff's Supplemental Responses to Interrogatory No. 7 Propounded by Moving Defendants.) These documents do not give constructive notice of Hill's patents because the patent numbers must be listed. *MacPike v. Am. Honda Motor, Inc.*, 29 U.S.P.Q.2d 1526, 1530 (N.D. Fla. 1993). Thus, Hill has not satisfied the requirements of § 287(a).

Since Hill failed to mark any other version of ED_MIDS, he did not give constructive notice and cannot receive monetary damages for infringement prior to August 16, 2002.

### 3.   Plaintiff Failed to Provide Actual Notice to the Moving Defendants.

In the absence of constructive notice through substantively consistent and continuous marking, a patentee can also meet the requirements of § 287 by giving actual notice. 35 U.S.C. § 287(a) ("In the event of failure so to mark, no damages shall be recovered by the patentee in any action for infringement, except on proof that the infringer was notified of the infringement and continued to infringe thereafter, in which event damages may be recovered only for infringement occurring after such notice."). Typically, the provision of actual notice involves

sending a letter to the alleged infringer that describes with "sufficient specificity" the patentee's concerns. *SRI Int'l, Inc. v. Advanced Tech. Labs, Inc.*, 127 F.3d 1462, 1470 (Fed. Cir. 1997).

Though no bright line rule exists for determining what constitutes actual notice, there are a number of factors that must be present in order for a communication to comply with § 287. The Federal Circuit has established the following factors that should be addressed in any communication intended to constitute actual notice § 287:

- The patentee must inform the alleged infringer of the identity of the patent at issue. *SRI Int'l, Inc.*, 127 F.3d at 1470.

- The notice must reveal the patentee's identity. *Lans v. Digital Equip. Corp.*, 252 F.3d 1320, 1327 (Fed. Cir. 2001).

- The notice must be addressed to the allegedly infringing party and must be from either the patentee or its counsel. *Id.* at 1327.

- The notice must include a proposal to abate the infringement, either by license or otherwise. *SRI Int'l*, 127 F.3d at 1470; *see also, Soverain Software*, 383 F. Supp. 2d at 908.

- The notice must affirmatively communicate to the alleged infringer a specific charge of infringement by a specific accused product or device. *Amsted Indus. Inc. v. Buckeye Steel Castings Co.*, 24 F.3d 178, 187 (Fed. Cir. 1994); *Soverain Software*, 383 F. Supp. 2d at 908.

The patentee bears the burden of pleading and proving compliance with the requirements for actual notice by a preponderance of the evidence. *Maxwell v. J. Baker, Inc.*, 86 F.3d 1098, 1111 (Fed. Cir. 1996).

### a. Amazon, eBay and Lands' End Never Received Actual Notice Before the Filing of This Lawsuit.

Hill has provided no evidence in this case to show that actual notice was provided to Amazon, eBay or Lands' End before the filing of this lawsuit. Indeed because there is none. Plaintiff was directly asked by each of these three Defendants in interrogatory requests to describe in detail each instance in which Hill had given notice of the existence and/or alleged

infringement of the Patents-in-Suit, either by actual notice or by marking. In response, Hill cited each of these Moving Defendants to over 200 documents. However, not one of these documents constitute actual notice under 35 U.S.C. § 287(a). (Exhs. D, E and F, Plaintiff's Supplemental Responses to First Set of Interrogatories and documents cited by Hill in response to Rog 7.) In fact, none of the documents cited by Plaintiff were sent from Plaintiff or its attorney to Amazon, eBay or Lands' End as required for actual notice. Therefore, summary adjudication on this issue must be granted. *Soverain*, 383 F. Supp. 2d at 907.

      **ii.    Victoria's Secret Similarly Did Not Receive Actual Notice Under § 287 Until the Date This Action Was Filed.**

Hill identified two letters sent to Victoria's Secret as evidence of actual notice. (Exh. D, E and F, Plaintiff's Supplemental Responses to First Set of Interrogatories and documents cited by Hill in response to Rog 7.) Neither of these letters alone, or in combination, amount to sufficient actual notice under § 287(a) because they fail to communicate to Victoria's Secret a specific charge of infringement by a specific accused product.

      **a.    The April 30, 1999 Letter Is Not Actual Notice.**

On or around April 30, 1999, Hill sent a letter addressed to Cynthia Fedus, President, Victoria's Secret Catalog, enclosing a copy of a press release discussing the summary judgment ruling in the *Hill v. CompuServe* case. (Exh. G, HILL071_0773.) This letter stated, in relevant part:

> [W]e expect to have a significant competitive advantage and coupled with other issued, awarded and pending patents, perhaps a legal monopoly in electronic commerce applications including Web based applications. . . . Because of the significance this might have on your current and future electronic commerce applications, I would like to offer you the opportunity of discussing this patented technology.

The letter did not list the Patents-in-Suit. The letter did not indicate how, if at all, Victoria's Secret was infringing the patents. Nor did this communication indicate what the

product or device is that Plaintiff is accusing of infringement. (Exh. G, HILL071_0773.) Therefore, this letter does not constitute actual notice.

### b. The June 4, 1999 Letter Is Not Actual Notice

Similarly, the second letter sent by Hill to Victoria's Secret on or around June 4, 1999 did not indicate what patents were allegedly infringed, did not affirmatively communicate a specific charge of infringement, and did not specifically accuse a product or a device as required to constitute actual notice. Rather, that letter simply stated:

> I realize your position is very demanding of your time but would like to encourage you to meet and negotiate licensing terms and conditions for our ED_MIDS ® patented electronic commerce technology. It is our opinion that any company using electronic commerce to advertise and/or sell its products may require a license based upon the broad implications of our patented electronic commerce technology.

(Exh. H, LVS-044122.)

As such, any damages in this action for patent infringement by Victoria's Secret would not begin accruing until August 16, 2002.

## IV. CONCLUSION

The patent marking statute requires a patentee to identify its product as patented or risk a limitation on damages in an infringement action. Plaintiff took that risk – failing to properly mark its products – and further failing to provide actual notice to any of the Moving Defendants prior to the filing of this lawsuit. The Moving Defendants respectfully request that the damages

/////

/////

/////

/////

/////

in this action be limited, pursuant to 35 U.S.C. § 287(a), to the date of actual notice of this lawsuit – August 16, 2002.

DATED: November 30th, 2005          Respectfully Submitted,


By /s/ Charles Ainsworth
**Charles H. Clark**
State Bar No. 4274000
**Charles Ainsworth**
State Bar No. 783521
604 W/ Woldert
Tyler, TX 75702
Telephone: 903-593-2514
Facsimile: 903-595-1294

Attorneys for Defendants/Counterclaimants Amazon.com, Inc., eBay, Inc., Intimates Brand, Inc., Lands' End, Inc., Limited Brands, Inc., and Victoria's Secret Direct, LLC

John Allcock, Esq. (California Bar No. 98895)
Edward E. Sikorski, Esq. (California Bar No. 208576)
Kathryn B. Riley, esq. (California Bar NMo. 211187)
DLA Piper Rudnick Gray Cary US LLP
401 B Street, Suite 1700
San Diego, CA 92101
Telephone: 619-699-2700
Facsimile 619-699-2701

Attorneys for Defendants/Counterclaimants Amazon.com, Inc., eBay, Inc., Intimates Brand, Inc., Lands' End, Inc., Limited Brands, Inc., and Victoria's Secret Direct, LLC

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been forwarded to all counsel of record by electronic mail via the Court's ECF system on this 30th day of November 2005.

By /s/ Charles Ainsworth
Charles Ainsworth